BLANK ROME LLP
Howard M. Knee (SBN 55048)
knee@blankrome.com
Natalie Alameddine (SBN 296423)
nalameddine@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:    424.239.3400
Facsimile:    424.239.3434

BLANK ROME LLP
Anthony B. Haller (*pro hac vice*)
haller@blankrome.com
Leigh Ann Buziak (*pro hac vice*)
lbuziak@blankrome.com
One Logan Square
Philadelphia, PA 19103
Telephone:    215.569.5500
Facsimile:    215.832.5500

*Attorneys for Plaintiffs*
*Auris Health, Inc. and Verb Surgical Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURIS HEALTH, INC. and VERB SURGICAL, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> KALPITKUMAR GAJERA, <br><br> Defendant. | Case No. 21-cv-05337-SK (INT) <br><br> **STIPULATED TEMPORARY RESTRAINING ORDER** |

**STIPULATED TEMPORARY RESTRAINING ORDER**

Plaintiffs Auris Health, Inc. ("Auris") and Verb Surgical, Inc. ("Verb," and together with Auris, "Plaintiffs") and Defendant Kalpitkumar Gajera ("Gajera" or "Defendant") (collectively, the "parties"), by and through their counsel, hereby stipulate as follows:

1. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1367, and 18 U.S.C. § 1836. This Court has supplemental jurisdiction over the state law claims asserted herein because they are related to, arise from a nucleus of operative facts as, and are part of the same case and controversy as Plaintiffs' federal claim. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

2. Auris and Verb filed a Complaint on July 12, 2021, alleging that Gajera misappropriated Plaintiffs' trade secrets in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq*. and the California Uniform Trade Secrets Act, Civil Code § 3426 ("Complaint"). Plaintiffs also alleged that Gajera breached his Employee Confidential Information and Inventions Assignment Agreement ("Agreement").

3. Gajera generally denies having misappropriated Plaintiffs' trade secrets and breaching his Agreement.

4. Gajera shall comply with his continuing obligations under the Agreement, attached as Exhibit A, including, but not limited to, refraining from disclosing, using, lecturing upon, or publishing any of Plaintiffs' Confidential Information (as defined in the Agreement).

5. Pursuant to the parties' protocol attached hereto as Exhibit B ("Protocol") – and without waiving his rights under California Code of Civil Procedure section 2019.210 – Gajera shall present for inspection by Plaintiffs' forensic experts any devices, property, equipment, computer, server, e-mail account, or system within his custody or control that, to the best of his recollection, contained or contains any of Plaintiffs' Confidential Information.

6. Until the date when Gajera no longer has possession of, or access to, any of Plaintiffs' Confidential Information pursuant to the Stipulated Protocol for Identification and

1
**STIPULATED TEMPORARY RESTRAINING ORDER**

Remediation of Plaintiffs' Information from Electronic Devices and Personal Accounts (or otherwise), Gajera agrees that he will not resume work for Noah Medical.

7. The parties shall preserve all records and information, including that stored in electronic format, which relate to the allegations in the Complaint.

8. Failure to comply with this Stipulated Temporary Restraining Order would cause the non-breaching party irreparable harm.

9. Entry of this Order shall not be taken as an admission by Gajera that any violation has in fact occurred and will not constitute any finding on the merits of the underlying Complaint (nor will Plaintiffs ever argue that Gajera's stipulation to either this Order or the Protocol somehow implies wrongdoing on his part).

10. In the event of an alleged breach of this Stipulated Temporary Restraining Order by any party, the aggrieved party may seek to enforce this Stipulated Temporary Injunction Order in this Court.

11. This Stipulated Temporary Restraining Order shall remain in effect until further order of the Court.

12. The parties have reserved all other rights as to claims for attorneys' fees or costs.

**IT IS SO STIPULATED**, through Counsel of Record.

DATED:  August 27, 2021     BLANK ROME LLP


By: */s/ Leigh Ann Buziak*


Howard M. Knee (SBN 55048)
knee@blankrome.com
Natalie Alameddine (SBN 296423)
nalameddine@blankrome.com
Anthony Haller (*pro hac vice*)
haller@blankrome.com
Leigh Ann Buziak (*pro hac vice*)
lbuziak@blankrome.com
*Attorneys for Plaintiffs Auris Health, Inc. and Verb Surgical, Inc.*


MOBILITY LEGAL PC


By: */s/ David R. Burtt*

David R. Burtt
dburtt@mobilitylegal.com
*Attorneys for Defendant
Kalpitkumar Gajera*


### **ATTESTATION**

I, Leigh Ann Buziak, am the ECF User whose identification and password are being used to file Stipulation for Temporary Restraining Order filed concurrently herewith.  Pursuant to Local Rule 5-1(i)(3), I hereby attest that counsel for Defendant Kalpitkumar Gajera has concurred in the filing of the Stipulation for Temporary Restraining Order, filed concurrently herewith.

DATED: August 27, 2021     BLANK ROME LLP


By: */s/ Leigh Ann Buziak*
Leigh Ann Buziak

**IT IS ORDERED** that the forgoing Stipulated Order is approved and entered as an Order of the Court.

Dated:  8/30/2021

_____
UNITED STATES DISTRICT JUDGE