**BLANK ROME LLP**
Howard M. Knee (SBN 55048)
knee@blankrome.com
Natalie Alameddine (SBN 296423)
nalameddine@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:    424.239.3400
Facsimile:    424.239.3434

**BLANK ROME LLP**
Anthony B. Haller (*admitted pro hac vice*)
haller@blankrome.com
Leigh Ann Buziak (*admitted pro hac vice*)
lbuziak@blankrome.com
One Logan Square
Philadelphia, PA 19103
Telephone:    215.569.5500
Facsimile:    215.832.5500

*Attorneys for Plaintiffs*
*Auris Health, Inc. and Verb Surgical, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA-OAKLAND DIVISION

| | |
|---|---|
| AURIS HEALTH, INC. AND VERB SURGICAL, INC., | Case No. 4:21-cv-05337-HSG |
| Plaintiffs, | [*Assigned to Hon. Haywood S. Gilliam, Jr.*] |
| v. | **ORDER AND JOINT STIPULATION FOR PROTECTIVE ORDER FOR INFORMATION EXCHANGED UNDER THE STIPULATED PROTOCOL FOR IDENTIFICATION AND REMEDIATION OF PLAINTIFFS' INFORMATION FROM ELECTRONIC DEVICES AND PERSONAL ACCOUNTS** |
| KALPITKUMAR GAJERA, | |
| Defendant. | |

It is hereby stipulated to and agreed by and between Plaintiffs Auris Health, Inc. and Verb Surgical, Inc. ("Plaintiffs") and Defendant Kalpitkumar Gajera ("Defendant" or "Gajera") (individually a "Party," or collectively the "Parties"):

**I.      Scope.**

This Protective Order  ("Order") governs all information designated as Confidential Material, including "Confidential Material—Attorneys' Eyes Only," designated pursuant to this Order, which is being entered into in connection with the Stipulated Protocol for Identification and Remediation of Plaintiffs' Information from Electronic Devices and Personal Accounts.

"Confidential Material" means any hardcopy or electronic document, information, testimony (i.e., depositions, declarations, or other pre-trial statements), and all copies, data, extracts, compilations, summaries, reports, and information obtained, derived, or generated from such material that the Parties reasonably believe to be entitled to confidential treatment under applicable laws or regulations. Confidential Material includes, but is not limited to, trade secrets (as defined in the Uniform Trade Secrets Act); other confidential research, development, or commercial information; all information that, if disclosed, could result in competitive, commercial, or business harm; and any person's personal identifying information, financial information, medical/insurance information, or other information that is private under applicable laws or regulations.

"Confidential Material—Attorneys' Eyes Only" means Confidential Material that the Designating Party reasonably believes to contain highly confidential information the disclosure of which would cause the Designating Party serious competitive and commercial harm. Unless otherwise specified, provisions in this Order regarding "Confidential Material" shall also encompass "Confidential Material—Attorneys' Eyes Only."

**ORDER AND STIPULATION FOR PROTECTIVE ORDER FOR INFORMATION EXCHANGED UNDER THE STIPULATED PROTOCOL FOR IDENTIFICATION AND REMEDIATION OF PLAINTIFFS' INFORMATION FROM ELECTRONIC DEVICES AND PERSONAL ACCOUNTS CASE NO. 4:21-CV-05337-HSG**

This Order is binding upon all current and future Parties in this action (including their respective corporate parents, subsidiaries, affiliates, successors, and attorneys and all other representatives or agents), their counsel, and all other persons or entities authorized under this Order or any other Order of this Court to receive or view Confidential Material.

The entry of this Order does not preclude the Parties from seeking further order of this Court, including modification of this Order, or from objecting to discovery that the Party believes to be improper.

Nothing herein shall be construed as an admission or concession by the Parties that any Confidential Material constitutes relevant, material, or admissible evidence in this matter.

## II.    Designation of Confidential Material

Documents Produced in Image, PDF, or hardcopy form ("Image"). The Parties shall place on each page the following legend: PROTECTED DOCUMENT, SUBJECT TO PROTECTIVE ORDER or PROTECTED DOCUMENT—ATTORNEYS' EYES ONLY, SUBJECT TO PROTECTIVE ORDER. The legend shall not obscure any content of the original document. Any person making a copy of the image, if authorized under this Order, shall ensure that the same legend shows on the copy.

Documents Produced in Native Format ("native file"). The Parties either shall rename each native file to include, at the end of the file name and prior to the file extension, the following language: PROTECTED or PROTECTED—ATTORNEYS' EYES ONLY. Any person making any copy of the native file, if authorized under this Order, shall not rename the file.  Or else, where applicable, the Parties shall clearly inform the receiving party, in writing, that the entire contents of a native production is to be PROTECTED or PROTECTED – ATTORNEYS' EYES ONLY.

3

<u>Other Confidential Material.</u> For Confidential Material in a form not addressed above (e.g., DVDs, portable hard drives, or other tangible items), the Designating Party shall affix in a prominent place on the exterior of the items the legend "PROTECTED, SUBJECT TO PROTECTIVE ORDER, PRODUCED BY [PARTY NAME] IN [NAME OF LITIGATION]" or "PROTECTED— ATTORNEYS' EYES ONLY, PRODUCED BY [PARTY NAME] IN [NAME OF LITIGATION]." If feasible, the legend shall identify the portions constituting Confidential Materials.

### III.    Pleadings, Motion Papers, and Written Discovery Papers.

The Parties may designate as Confidential Material portions of pleadings, motion papers (written motions, affidavits, and briefs), and written discovery papers (requests and responses).

A Party preparing such written papers should designate portions as Confidential Material when the papers are served or filed. If feasible, the Confidential Material shall be bound separately from material not entitled to protection.

Upon receiving such written papers, the Parties shall make designations within thirty (30) days after service or filing of the papers.

### IV.    Required Handling of Confidential Material.

Confidential Material shall not be disclosed to anyone for any purpose other in this action, and, in that limited context, shall be disclosed only to Qualified Persons as set out below. Confidential Material shall not be used for any business, competitive, or other non-litigation purpose.

Each Party and its counsel, and each Qualified Person identified in ¶ 4.A and ¶ 4.B (other than the Court), including any person or entity acting on behalf of, or for the benefit of, that

4

Qualified Person, (i) shall not permit or enable unauthorized dissemination of Confidential Material to anyone; (ii) shall take all necessary and prudent measures to preserve the security of Confidential Material, including measures to minimize risks of hacking of, and other unauthorized access to, systems on which Confidential Material is stored or through which it is transmitted; and (iii) shall physically store, maintain, and transmit Confidential Material solely within the United States.

If Confidential Material is disclosed in a manner not authorized by this Order, or if an attempt is made to hack or otherwise gain unauthorized access to a system containing Confidential Material (jointly, "unauthorized actions"), each Party or Qualified Person with knowledge of the unauthorized actions immediately shall take necessary and prudent remedial measures to prevent their reoccurrence and promptly shall inform the Designating Party of such remedial measures and of all facts relating to the unauthorized actions, including identification of all Confidential Material disclosed.

Nothing in this Order shall limit the Parties' use of their own documents, including disclosure of its own Confidential Material to any person for any purpose.

A. <u>Qualified Persons With respect to Confidential Material.</u> Subject to Paragraph 3 above, Confidential Material (as distinct from Confidential Material—Attorneys' Eyes Only, covered in Paragraph 5 below) may be disclosed only to the following Qualified Persons:

1. All Parties in this Action;

2. The Parties' counsel, including counsel's partners, employees, and agents (e.g., outside copy services, litigation-support services, and stenographers) retained in the Action;

5

3.   Consultants (i.e., experts or professionals whom counsel has retained to provide professional advice or services to assist in preparation for the trial of the Action, whether or not designated as a testifying expert), but only if (1) the Consultant has first signed a copy of Exhibit A, (2) the Consultant is not a Competitor of the Parties, and (3) Counsel for the Party retaining the Consultant, after duly diligent inquiry, does not know of any instance in which the Consultant has been found to be in violation of the terms of a protective order in any legal proceeding. As used in this Order, "Competitor" means any manufacturer of, or any entity involved in the sale of, medical devices, including medical robotics and any person who, upon reasonable and good faith inquiry, could be determined to be employed by, to be a consultant doing research for, or otherwise to be retained by any manufacturer of, or any entity involved in the sale of, medical devices, including medical robotics;

4.   A witness at a deposition or pre-trial hearing, if the witness will give relevant testimony regarding the Confidential Material to be disclosed or if disclosure is necessary to prepare the witness for the testimony, and only after the witness has signed a copy of Exhibit A. This provision does not preclude the Parties from objecting to or moving to preclude disclosure to any witness, or from seeking amendment of this provision in the future;

5.   A person identified in the Confidential Material as an author, source, addressee, or recipient of the material or who already has a copy of it;

6.   Any other person mutually agreed upon by the Parties, but only if that person has signed a copy of Exhibit A;

6

**ORDER AND STIPULATION FOR PROTECTIVE ORDER FOR INFORMATION EXCHANGED UNDER THE STIPULATED PROTOCOL FOR IDENTIFICATION AND REMEDIATION OF PLAINTIFFS' INFORMATION FROM ELECTRONIC DEVICES AND PERSONAL ACCOUNTS CASE NO. 4:21-CV-05337-HSG**

7.   Any mediators or arbitrators selected to assist in resolution of this matter, and their personnel actively engaged in assisting them, if they have signed a copy of Exhibit A; and

8.   The Court or any Court personnel, including any court reporters.

B.   <u>Qualified Persons With respect to Confidential Material—Attorneys' Eyes Only</u>. Subject to Paragraph 3 above, Confidential Material—Attorneys' Eyes Only may be disclosed only to the following Qualified Persons:

1.   Counsel of record in this action, including counsel's partners, employees, and agents (e.g., out-side copy services, litigation-support services, and stenographers) retained in the Action;

2.   For each corporate party, in-house counsel with responsibility for the matter, if the party's counsel reasonably believes that disclosure is necessary to execute the Protocol;

3.   Any individual Party, if the Party's counsel reasonably believes that disclosure is necessary to prepare the case for trial;

4.   The Qualified Persons described in Paragraphs 4.A.3 through 8 above.

## V.    Challenges to Designations.

If a Party challenges a designation, the challenged material shall be treated as Confidential Material until the Parties agree otherwise in writing or this Court issues an order that the material is not confidential.

To challenge confidentiality designations, a Party shall identify in writing the specific Confidential Material (by Bates-number, if possible) to which each challenge pertains, and the specific bases for each challenge. After receiving the challenges, the Parties shall have thirty (30) days to state in writing whether the designations will be maintained or withdrawn. If all disputes are not resolved after meeting and conferring, the challenging Party may file a motion to overrule the challenged designations.

**VI.     Use of Confidential Material in Court.**

No Party may file with the Court Confidential Material of the Parties except when required for motions or other pending matters in the Action.

The Party seeking to file Confidential Material shall first meet and confer to identify procedures, consistent with applicable court requirements, for filing Confidential Material with the Court.

**VII.    Orders, Subpoenas, or Requests from Non-Parties.**

If a person or entity serves in this action a request, subpoena, or order ("demand") for disclosure of Confidential Material of the Parties, the Party receiving the demand, if not prohibited under applicable law and within forty-eight (48) hours of receipt, shall deliver a copy of the demand to counsel for that Party. The Party shall not disclose any Confidential Material prior to the date specified for disclosure. In its sole discretion and at its own cost, the Parties may oppose or seek to limit the demand in any legal manner. The Party who received the demand shall not oppose or otherwise interfere with the Parties' actions.

**VIII.   Disposition of Confidential Material.**

After final disposition of any appeals or after the time for filing any appeal has passed, each Party in the action promptly shall return to the Parties' Confidential Material (including on any litigation-support application or in the possession, custody, or control of any person to whom the Party distributed Confidential Material), shall destroy it, or otherwise shall comply with an applicable order of the Court. Within thirty (30) days of any such action, the Party shall certify in writing that the required return or destruction has been completed.

As exceptions to the above requirements, Counsel may retain Confidential Material in copies of pleadings, motions, or other court-filed papers, in official transcripts and exhibits thereto, and in attorney work product, including counsels' email and document management systems. Counsel shall continue to treat all such materials as Confidential Material pursuant to the requirements of this Order.

Confidential Material stored on backup storage media is sequestered. If such data is restored from backup media, the Party or its agent must promptly return or destroy the restored Confidential Material and provide the certification required above.

This Order shall continue to apply to any such materials retained by counsel.

**IX.   Order Survives Termination of Action.**

This Order constitutes an enforceable agreement among the Parties, their agents, and their attorneys and shall be binding after termination of this action. To enforce this Order, the Court shall retain jurisdiction over any person or entity in receipt of Confidential Material.

1    DATED: September 13, 2021                BLANK ROME LLP

2

3

                                              By: /s/ Leigh Ann Buziak
4
                                              Howard M. Knee (SBN 55048)
5                                             knee@blankrome.com
                                              Natalie Alameddine (SBN 296423)
6                                             nalameddine@blankrome.com
                                              Anthony Haller (*pro hac vice*)
7                                             haller@blankrome.com
                                              Leigh Ann Buziak (*pro hac vice*)
8                                             lbuziak@blankrome.com
                                              *Attorneys for Plaintiffs*
9                                             *Auris Health, Inc. and Verb Surgical, Inc.*

10

11                                            MOBILITY LEGAL PC

12

13                                            By: /s/ David R. Burtt

14                                            David R. Burtt
                                              dburtt@mobilitylegal.com
15                                            *Attorney for Defendant*
                                              *Kalpitkumar Gajera*
16

17

18

19   **ECF ATTESTATION.** In accordance with Civil Local Rule 5-1(i)(3), I, Leigh Ann Buziak, attest
20   that on September 13, 2021 I obtained concurrence in the filing of this document from the other
     signatory listed above.
21                                            /s/ Leigh Ann Buziak

22                                            Leigh Ann Buziak

23   **PURSUANT TO STIPULATION IT IS SO ORDERED.**

24

25   DATED: 9/14/2021

26                                            Haywood S. Gilliam, Jr.
                                              United States District Judge
27
                                              10
28   **ORDER AND STIPULATION FOR PROTECTIVE ORDER FOR INFORMATION EXCHANGED UNDER**
     **THE STIPULATED PROTOCOL FOR IDENTIFICATION AND REMEDIATION OF**
     **PLAINTIFFS' INFORMATION FROM ELECTRONIC DEVICES AND PERSONAL ACCOUNTS**
     **CASE NO. 4:21-CV-05337-HSG**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURIS HEALTH, INC. AND VERB SURGICAL, INC., | Case No. 4:21-cv-5337-HSG |
| Plaintiffs, | **ENDORSEMENT OF PROTECTIVE ORDER FOR INFORMATION EXCHANGED UNDER THE STIPULATED PROTOCOL FOR IDENTIFICATION AND REMEDIATION OF PLAINTIFFS' INFORMATION FROM ELECTRONIC DEVICES AND PERSONAL ACCOUNTS** |
| v. | |
| KALPITKUMAR GAJERA , | |
| Defendant. | |

## EXHIBIT A

I hereby attest that I understand that information or documents designated as Confidential Material are provided to me subject to the Order dated _____, 2021 (the "Order"), in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms. I also understand that my signature below indicates my agreement to be bound by the Order and is a prerequisite to my review of any information or documents designated as Confidential Material pursuant to the Order.

I certify that I am not a Competitor, as defined in the Order.

I further agree that I shall not use Confidential Material for any purpose other than as authorized in the Order and that, except as explicitly authorized in the Order, I shall not disclose Confidential Material, in any form whatsoever, to others.

I further agree to return or destroy Confidential Material in my possession, custody, or control in the manner and time specified by the Order.

11

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Confidential Material will continue even after this Litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the above-identified Court for the purposes of any proceedings relating to enforcement of the Order. I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Agreement, regardless of whether the Order has been entered by the Court.

Date: _____

By: _____

12

**ORDER AND STIPULATION FOR PROTECTIVE ORDER FOR INFORMATION EXCHANGED UNDER THE STIPULATED PROTOCOL FOR IDENTIFICATION AND REMEDIATION OF PLAINTIFFS' INFORMATION FROM ELECTRONIC DEVICES AND PERSONAL ACCOUNTS CASE NO. 4:21-CV-05337-HSG**